# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50680
CONSOLIDATED WITH
No. 23-50683
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SILVANO MARROQUIN-BRAVO,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:23-CR-164-1,
4:23-CR-184-1

_____

Before DAVIS, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Silvano Marroquin-Bravo appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2), as well as the revocation of the term of supervised release he was serving at the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50680
c/w No. 23-50683

time of the offense.  He argues that § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Because Marroquin-Bravo does not address the revocation or the revocation sentence, he has abandoned any challenge to them.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

He has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  He explains that he has raised the issue to preserve it for possible further review.  Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Marroquin-Bravo's motion is GRANTED, and the district court's judgments are AFFIRMED.